A02A1693. GALLOWAY v. PLAMONDON et al.
(574 SE2d 891)

BLACKBURN, Chief Judge.

James Galloway appeals both the trial court's grant of interpleader to appellee Westside Bank & Trust Company ("Westside") and its grant of summary judgment to appellees Richard and Tina Plamondon. Because the limited record provides no basis for determining the merit of Galloway's contentions, we remand to the trial court for findings of fact.

"To prevail at summary judgment, the moving party must show that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Glisson v. Freeman.*[1] Viewed in the light most favorable to Galloway, the record shows that in 1996, the Plamondons purchased property, and a mortgage and deed to secure debt (the "Plamondon note") was assigned to Galloway. In April 1999, Galloway executed a promissory note (the "Galloway note") to Westside; he assigned the Plamondon note to Westside as collateral for his note, but continued, as holder of the note, to receive payment from the Plamondons.

In late 1999, the Plamondons contracted to sell their property. The closing attorney called Westside to obtain a payoff amount on the Plamondon note, but mistakenly requested, and was given, the payoff amount on the Galloway note. Following the closing, Westside was sent $177,893.05, the Galloway payoff amount, rather than $164,833.50, the balance owed on the Plamondon note. The bank credited the full amount to satisfaction of the Galloway note and marked the note "satisfied." Both the Plamondons and Galloway claimed the $13,059.55 overpayment made to Westside. Westside, informed of the mistake, took no further action with regard to satisfaction of the Galloway note, but retained $164,833.50 in satisfaction of the Plamondon note and brought an action for interpleader as to the overpayment.

The Plamondons moved for summary judgment, asking the court to order Westside to pay them the amount of the overpayment. Galloway filed a motion to dismiss the interpleader and a response to the motion for summary judgment. The trial court granted the inter-

---

[1] *Glisson v. Freeman*, 243 Ga. App. 92 (532 SE2d 442) (2000).

pleader, ordered Westside to pay the $13,059.55 into the registry of the court, denied Galloway's motion to dismiss the interpleader, and ordered disbursement of the funds to the Plamondons.

In his first enumeration of error, Galloway claims, on several grounds, that the trial court erred in failing to dismiss the interpleader. Whether this enumeration of error has merit depends on the terms of Galloway's assignment of the Plamondon note to Westside. On the one hand, Galloway's note to Westside was not in default and the bank only was entitled to payments from Galloway under the terms of Galloway's own note rather than the entire amount due Galloway under the Plamondon note. On the other hand, the assignment agreement may have given the bank priority with respect to the amount due Galloway from the Plamondons. The record contains no copy of the assignment, and the trial court failed to make findings of fact concerning the respective rights of Galloway and Westside under the assignment agreement. Accordingly, we remand this case to the trial court for determination of whether Westside had a legal right to retain the funds owed Galloway by the Plamondons. The parties shall have a right to appeal within 30 days of the court's factual determination.

*Case remanded with direction. Johnson, P. J., and Miller, J., concur.*

DECIDED DECEMBER 4, 2002.

*Thomas E. Maddox, Jr.,* for appellant.
*Tobin & Hoffspiegel, Lloyd W. Hoffspiegel,* for appellees.